Loyd G. DICKINSON, Petitioner–
Appellant,

v.

UNITED STATES PAROLE COMMIS-
SION and Mike Adams, Warden,
Respondents–Appellees.

No. 00–56392.
D.C. No. CV–99–11991–RSWL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Federal prisoner Loyd G. Dickinson appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review a district court's denial of a section 2241 petition de novo, *see Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000), and we affirm.

Dickinson contends that retroactive application of the amendments to section 235 of the Sentencing Reform Act of 1984 ("SRA"), which extend the life of the Parole Commission, violate the Equal Protection Clause by delaying the presumptive release date for prisoners sentenced under the old law. This contention is without merit. Where there is no protected class, an equal protection claim is subject to the rational basis test. *See McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) (applying rational basis test to prisoners). Accordingly because the amendments imposed under the SRA served a legitimate government purpose, Dickinson's equal protection claim must fail. *See* SRA Pub. L. No. 100, 182, § 2(a), 101 Stat. 1266 (1987) (stating that Congress acted to streamline sentencing process and equalize terms of incarceration for similarly situated defendants).

Dickinson also contends that the retroactive application of the SRA deprives him of a liberty interest without due process of the law. This contention is also without

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

merit. The language of the SRA does not create a liberty interest in parole. Dickinson has no right to immediate release.

Accordingly, the district court did not err by dismissing Dickinson's petition. *See Bowen,* 202 F.3d at 1218.

AFFIRMED.[1]

1. We decline to address Dickinson's remaining claims as he fails to present adequate facts or relevant law to permit appellate review. *See* Fed. R.App. P. 28(a)(6).

